IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: FANSTEEL INC., ET AL.[1], ) | |
| ) | |
| Fansteel Inc. ) | |
| ) | |
| Plaintiff ) | Civil Action No. 04-527 (JJF) |
| ) | |
| v ) | |
| ) | |
| Crossroads Bits & Sales, LLC ) | |
| ) | Adversary Case No. 04-51075 (PBL) |
| Defendant ) | Bankruptcy Case No. 02-10109 (JJF) |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST CROSSROADS BITS & SALES, LLC**

Pursuant to Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55(a) and (b)(2),[2] Fansteel, Inc. (the "Plaintiff"), by its undersigned attorneys, requests that this Court grant Plaintiff's Motion for Entry of Default Judgment Against Crossroads Bits & Sales, LLC (the "Defendant").

**Statement of Facts and Summary of Argument**

1.  Plaintiff filed its Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") against the Defendant on January 12, 2004 (United States Bankruptcy Court, Adversary Case No. 04-51075, Docket No. 1).

2.  The Complaint seeks to avoid and recover, pursuant to 11 U.S.C. §§ 547 and 550, preferential transfers made to the Defendant in the amount of $12,070.84.

---

[1] The Reorganized Debtors are the following entities: Fansteel Inc. and Wellman Dynamics Corp.

[2] Fed. R. Bankr. P. 7055 incorporates Fed. R. Civ. P. 55 by reference as the operative rule governing defaults in a bankruptcy adversary proceeding.

3. The Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Summons") was dated January 13, 2004. The Summons stated that the Defendant was required to file a response to the Complaint on or before February 12, 2004.

4. On January 13, 2004, our office caused the Defendant to be served with the Complaint and the Summons in accordance with Fed. R. Bankr. P. 7004(b) (a true and accurate copy of the Complaint, the Summons, and the Certificate of Service is attached hereto as Exhibit A). The Complaint and the Summons were mailed to:

(i) Crossroads Bits & Sales, LLC.
Attn: Officer/Director/Manager/Partner
7921 South Fork Road
Pound, VA 24279

(ii) Mike Prichard, Registered agent for
Crossroads Bits & Sales, LLC.
7921 South Fork Road
Pound, VA 24279

The Plaintiff has received no returned mail from the United States Postmaster with respect to the addresses listed above. In addition, Plaintiff has received a signed green card receipt for a certified mail delivery to the addresses listed above.

5. The Certificate of Service was filed on January 13, 2004.

6. The Defendant failed to answer, move, or otherwise plead within the time required by the Summons.

7. Upon information and belief, the Defendant is not an infant, an incompetent person, or in the military service.

### Argument

**A. The clerk should enter the defendant's default in this case due to its failure to answer the complaint.**

A Defendant who fails to appear or otherwise defend against a suit brought in federal court is in default. When the fact of a defendant's default is "made to appear by affidavit

or otherwise, the [Clerk of the Court] shall enter the party's default." Fed. R. Civ. P. 55(a). (Affidavit of Counsel attached hereto as Exhibit A) As stated in the Summons served with the Complaint, Defendant had thirty days to file and serve its answer. Defendant has not filed its Answer to the Complaint and it is therefore in default under Rule 55 of the Federal Rules of Civil Procedure. Accordingly, this Court should order the Clerk of the Court to enter Defendant's default in the record.

**B. The Court Should Enter Default Judgment Against The Defaulting Defendant For The Relief Requested In Plaintiff's Complaint.**

Fed. R. Civ. P. 55(a) provides that an entry of default may be entered against a party against whom a judgment for affirmative relief is sought and that party has failed to plead or otherwise defend. Pursuant to Fed. R. Civ. P. 55(b)(2), a default judgment may be entered by the court against such party in a case in which the plaintiff is not seeking a sum certain or a sum which cannot be made by computation. Fed. R. Civ. P. 55(b)(2) further provides that no judgment by default shall be entered against an infant or incompetent person.

Plaintiff is seeking a judgment to recover preferential payments pursuant to 11 U.S.C. § 547 of the Bankruptcy Code in the amount of $12,070.84 as set forth in paragraph 8 of the Complaint. Defendant in this case is neither an infant nor an incompetent and its default is due to its failure to appear in the case.

## Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Entry of Default Judgment and order the Clerk of the Court to enter a default judgment against Defendant to avoid and recover certain transfers, in the amount of $12,070.84, and award Plaintiff costs of suit and granting Plaintiff such other and further relief, at law or equity, to which Plaintiff shows itself justly entitled.

Dated: March 10, 2005

          PACHULSKI, STANG, ZIEHL, YOUNG, JONES
          & WEINTRAUB P.C.

          */s/ James E. O'Neill*
          Laura Davis Jones (Bar No. 2436)
          James E. O'Neill (Bar No. 4042)
          919 North Market Street, 16th Floor
          P.O. Box 8705
          Wilmington, Delaware 19899-8705
          (Courier 19801)
          Telephone: (302) 652-4100
          Facsimile: (302) 652-4400